# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6874 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Kavanaugh, et al. Vs. Ocwen Loan Servicing | | |

**DOCKET ENTRY TEXT**

Defendant's motion (9) to dismiss is denied.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Defendant's motion to dismiss is denied. Defendant asserts two bases for dismissal. The first is that the letter it received from plaintiffs does not amount to a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), and the second is that venue is improper in this forum.

RESPA defines a QWR as a written correspondence that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." The letter on which plaintiffs rely states: "I dispute the amount that you claim is owed according to the Monthly Billing Statement and request that you send me information about the fees, costs, and escrow accounting on the loan." The letter then explicitly asserts that it is a "'qualified written request pursuant to [RESPA]," and goes on to request seven specific categories of information, all of which relate generally to plaintiffs' history of regular payments and defendant's allocation of same.

While it is true that the letter does not set forth the basis for plaintiffs' belief that the amount reflected in their monthly billing statement is in error, it satisfies the second clause of the statutory definition of a QWR, "or provides sufficient detail to the servicer regarding other information sought by the borrower." Defendant's reliance on *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000), is inapposite. Defendant itself characterizes the holding of that case as determining that correspondence requesting information not pertaining to loan servicing does not fall within the statutory definition of a QWR.

## STATEMENT

Because the letter here clearly seeks information pertaining to loan servicing, *MorEquity* is inapplicable.

As for venue, I find that venue is proper under 28 U.S.C. § 1391(b), when read in conjunction with subsection © of that statute. Subsection (b) authorizes venue in "a judicial district where any defendant resides," while subsection © specifies that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction." Defendant is a corporation, and it does not contest personal jurisdiction in this district. Accordingly, venue is proper under § 1391(b).